UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANDRA I. RAMIREZ,

                              Plaintiff,

    -against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
------------------------------------------------------------X

**ORDER**
**23 CV 3342 (LB)**

**BLOOM, United States Magistrate Judge:**

Sandra I. Ramirez ("plaintiff") moves for attorney's fees pursuant to the Social Security Act §§ 206(b) and 406(b)(1). ECF No. 15. The Commissioner of Social Security ("defendant") takes no position on plaintiff's motion. ECF No. 16. For the foregoing reasons, plaintiff's motion is granted.[1]

## BACKGROUND

Plaintiff filed her complaint against the Commissioner of Social Security on May 3, 2023 alleging that the Social Security Administration's ("SSA") final decision on her disability status was "not supported by substantial evidence and [] contrary to law and regulation." ECF No. 1. Defendant's counsel filed the Administrative Transcript on July 3, 2023 and the parties jointly moved to reverse the Commissioner's final decision and to remand this matter to the Social Security Administration for further administrative proceedings. ECF Nos. 8, 9. The Court granted the joint motion, reversed the Commissioner's final decision, and remanded this proceeding to the Social Security Administration. ECF Nos. 10, 11. The parties filed a joint motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA") at 28 U.S.C. § 2412. ECF No.

---

[1] The parties consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 5, 6.

13. The Court granted this motion and awarded plaintiff $1,041.64 in attorney's fees and $402 in costs. ECF No. 14.

Upon remand, plaintiff was awarded both retroactive and ongoing Social Security Disability benefits. Plaintiff now moves for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). ECF No. 15. Defendant states that "the Commissioner has no direct financial stake in the outcome…Therefore, [d]efendant neither supports nor opposes counsel's request for attorney's fees…" ECF No. 16.

## DISCUSSION

In pertinent part, under the Social Security Act:

> Whenever a court renders a judgment favorable to a claimant…who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). When a district court reverses a denial of benefits, the Court may wait until the SSA concludes its review of a case on remand before awarding attorney's fees. Sinkler v. Berryhill, 932 F.3d 83, 86 (2d Cir. 2019). Once a claimant receives notice of the SSA Commissioner's calculation of an award of past due benefits, the claimant has fourteen days to move for an award of attorney's fees. Id. at 91 (citing Rule 54(d)(2)(B)). When fees are awarded, an attorney who also received fees under the EAJA must return the smaller of either the fees awarded under EAJA or the fees awarded under Section 406(b)(1)(A). Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

Attorneys are free to enter into contingent-fee agreements with clients in Social Security benefit cases, but the Social Security Act requires the Court to conduct an independent review and ensure that the fees obtained are reasonable. Id. at 807. The burden is on the attorney to

demonstrate that the fees provided for by the agreement are "reasonable for the services rendered." Id. The Second Circuit has counseled that a Court analyzing the reasonableness of a fee award should consider "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement." Fields v. Kijakazi, 24 F.4th 845, 849 (2d Cir. 2022) citing Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). "[A] district court must also consider [the following to determine] whether a requested fee would result in a 'windfall' to counsel." Id.

> 1) Whether the attorney's efforts were particularly successful for the plaintiff; 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Heffernan v. Astrue, 87 F. Supp. 3d 351, 354 (E.D.N.Y. 2015) (quoting Rowell v. Astrue, no. 05-CV-1592(CBA)(JMA), 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008).

Plaintiff's counsel here moved the proceedings and obtained a consent remand a mere two months after filing the case. See Thomas v. Commissioner of Social Security Administration, No. 23 Civ. 04642 (LJL)(GWG), 2024 WL 4942283, at *2 (Dec. 3, 2024) ("The filing of the case achieved a prompt and successful result for the claimant in that [claimant] was awarded past-due benefits a mere four months after filing his complaint in this Court."). There is no evidence of fraud, ineffectiveness, or delay on the part of plaintiff's counsel. Likewise, there is no basis to find that the fee would constitute a windfall. Plaintiff's attorneys and paralegals spent 7.2 hours representing plaintiff: 2.7 hours by plaintiff's attorneys and 4.5 hours by paralegals. ECF Nos. 15-1, 15-4, 15-5.

Here, counsel achieved a prompt and successful result for his client: plaintiff was awarded $172,037.72 in past due benefits. The SSA has withheld $43,009.43 from plaintiff's award to pay a potential attorney fee request. ECF Nos. 15-1, 16. Even though counsel attached a contingency fee agreement providing for up to 25% of plaintiff's recovery, counsel is accepting $5,000 as his full fee.[2] Therefore, plaintiff's request for $5,000.00 in attorney's fees is reasonable and "satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals."). Karki v. Commissioner of Social Security, No. 13-CV-6395 (PKC), 2018 WL 1307947, at *3 (E.D.N.Y. Mar. 13, 2018).

## CONCLUSION

Accordingly, plaintiff's motion for $5,000 in attorney's fees pursuant to 42 U.S.C. § 406(b) is granted. Upon receipt of this sum, plaintiff shall remit $1,443.64 which represents the balance of the fee awarded previously under the EAJA.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: March 18, 2025
       Brooklyn, New York

---

[2] Plaintiff's counsel's letter attaches an email stating that plaintiff's agency attorney (who represented plaintiff upon the Court's remand to SSA) will file a separate fee petition to the Commissioner pursuant to § 406(a). ECF No. 15-1. Plaintiff's counsel shall send a copy of this Order to plaintiff's agency attorney.